# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD LONGMIRE, | 1:06-cv-01551-LJO-SMS (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| STATE OF CALIFORNIA DEPARTMENT OF CORRECTIONS, et. al, | (Doc. 1) |
| Defendant. | |

**I.     SCREENING ORDER**

Gerald Longmire ("Plaintiff") is a state prisoner proceeding pro se.  The Court granted Plaintiff's motion to proceed in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed his complaint on March 15, 2006 in the Northern District of California.  (Doc. 1.)  The case was transferred to the Eastern District of California on November 2, 2006.  (Doc. 1.)  Plaintiff's complaint is presently before the Court for screening.

**A.     Screening Requirement**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or

that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 USC § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

### B.      Summary of Plaintiff's Complaint

Plaintiff is currently a prisoner at Kern Valley State Prison. Plaintiff names as defendants the State of California Department of Correction and Rehabilitation; Centinela State Prison; North Kern State Prison; Calipatria State Prison; Salinas Valley State Prison Medical Department; and Kern Valley State Prison Health Care Managers. Plaintiff seeks monetary damages as well as medical treatment.

Plaintiff alleges that on August 8, 2002, Plaintiff injured his left ankle while imprisoned at North Kern State Prison. Plaintiff states that he received x-rays which showed a bullet density and a healed fracture. Plaintiff alleges that he did not receive any surgery to remove this bullet, so his pain continued. Plaintiff alleges that at Calipatria State Prison, he was put on light duty because of the continued pain from his ankle injury. Plaintiff alleges that at Salinas State Prison, x-rays were taken, but an orthopedic surgeon rejected the need for surgery, though the doctor did issue medical boats to Plaintiff. Plaintiff alleges that at Corcoran State Prison, Plaintiff received a second opinion from an orthopedic surgeon, who did order surgery. As of March 2, 2006, Plaintiff has yet to receive this surgery. The Court finds that Plaintiff has failed to state a

cognizable claim against any Defendants.

The Court will provide Plaintiff with the opportunity to file an amended complaint that complies with Rule 8(a) and sets forth for each defendant, as briefly as possible, what action that defendant took or failed to take and why (e.g. to retaliate against plaintiff for filing inmate grievances). In the subsections that follow, the Court will provide plaintiff with the legal standards that, based on Plaintiff's allegations, appear to be applicable. Plaintiff should utilize the legal standards provided in this order for guidance when filing his amended complaint.

### C.     Pleading Requirements

#### 1. *Federal Rule of Civil Procedure 8(a)*

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. Pro. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. Pro. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Id. at 514. "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); see also Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need suffice only to put the opposing party on notice of the claim . . . .'" (quoting Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001))). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**2. *Federal Rule of Civil Procedure 18(a)***

"The controlling principle appears in Fed.R.Civ.P. 18(a) 'A party asserting a claim to relief as an original claim, counterclaim, cross-claim, or third-party claim, may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g)." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff is advised if he chooses to file an amended complaint and fails to comply with Rule 18(a), the Court will count all frivolous/noncognizable unrelated claims that are dismissed therein as strikes such that he may be barred from filing in forma pauperis in the future.

**3. *Linkage Requirement***

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's

federal rights.

Plaintiff names the Corcoran State Prison as a defendant in his complaint, but fails to list them in the caption of his complaint. Plaintiff names Kern Valley State Prison Health Care Managers in the caption of his complaint, but fails to list them anywhere else in the complaint. If Plaintiff intends to pursue claims against these named defendants, he needs to appropriately identify them in his complaint. Further, Plaintiff must clarify which defendants he feels are responsible for any given violation of his constitutional rights.

### D.    Claims for Relief

#### 1. *Deliberate Indifference to Serious Medical Needs*

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be

1 substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this
2 cause of action." Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980), citing
3 Estelle v. Gamble, 429 U.S. 97, 105-06 (1976). Deliberate indifference can be manifested by
4 prison guards intentionally denying or delaying access to medical care or intentionally interfering
5 with the treatment once prescribed. Estelle, 429 U.S. at 104-05. However, where a prisoner
6 alleges a delay in receiving medical treatment, the prisoner must allege that the delay led to
7 further injury. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir. 1992), overruled on other
8 grounds, WMX Techs, Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997); Shapely v. Nevada
9 Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985).

10    Plaintiff alleges that all the named defendants failed to provide him with treatment for his
11 left ankle injury and pain. Plaintiff does not allege with any specificity how any of the named
12 defendants were deliberately indifferent to Plaintiff's serious medical need. Plaintiff thus fails to
13 assert a cognizable claim for deliberate indifference to a serious medical need.

14        **2.** *Supervisory Liability*

15    All of the defendants named by Plaintiff in his complaint hold supervisorial positions.
16 Supervisory personnel are generally not liable under section 1983 for the actions of their
17 employees under a theory of respondeat superior and, therefore, when a named defendant holds a
18 supervisorial position, the causal link between him and the claimed constitutional violation must
19 be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v.
20 Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim
21 for relief under section 1983 based on a theory of supervisory liability, plaintiff must allege some
22 facts that would support a claim that supervisory defendants either: personally participated in the
23 alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent
24 them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation
25 of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v.
26 Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d
27 1040, 1045 (9th Cir. 1989). Although federal pleading standards are broad, some facts must be
28 alleged to support claims under section 1983. See Leatherman v. Tarrant County Narcotics Unit,

1  507 U.S. 163, 168 (1993).

2  Plaintiff has not alleged any facts indicating that the above named defendants personally
3  participated in the alleged deprivation of constitutional rights; knew of the violations and failed
4  to act to prevent them; or promulgated or "implemented a policy so deficient that the policy
5  'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional
6  violation.'" Hansen, 885 F.2d at 646. Plaintiff has thus failed to assert a cognizable claim.

### 3. *State Law Claim*

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." Acri v. Varian Assoc., Inc., 114 F.3d 999, 1000 (9th Cir. 1997). "The district court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

Because Plaintiff may be able to state a claim for relief under section 1983, the Court reserves discretion to exercise supplemental jurisdiction over and to address Plaintiff's state law claims after Plaintiff files his amended complaint so as to allow Plaintiff opportunity to state cognizable claims for relief under section 1983.

## II.  CONCLUSION

For the reasons set forth above, Plaintiff's complaint is dismissed, with leave to file an amended complaint within thirty days. If Plaintiff needs an extension of time to comply with this order, Plaintiff shall file a motion seeking an extension of time no later than thirty days from the date of service of this order.

Plaintiff must demonstrate in his complaint how the conditions complained of have

resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved.  There can be no liability under section 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick v. Hunter, 500 F.3d 978, 987-88 (9th Cir. 2007).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Plaintiff is further advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;
3. Within **thirty days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by in this order; and
4. If Plaintiff fails to comply with this order, this action will be dismissed for failure to state a claim.

IT IS SO ORDERED.

**Dated:     October 2, 2008**                         /s/ Sandra M. Snyder
                                            UNITED STATES MAGISTRATE JUDGE